UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 12-CV-3789 (JFB)
_____

LIGIO LOPEZ,

Petitioner,

VERSUS

SUPERINTENDENT OF NEW YORK STATE – NYS ONEDIA COUNTY,

Respondent.

_____

**MEMORANDUM AND ORDER**
September 27, 2013
_____

Joseph F. Bianco, District Judge:

Ligio Lopez ("Lopez" or "petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction for criminal sale of a controlled substance in the second degree. It appears that Lopez challenges his conviction on the following grounds: (1) petitioner received ineffective assistance of appellate counsel; and (2) petitioner's sentence was illegally imposed. Superintendent of New York State ("respondent") moves to dismiss the petition as untimely.

For the reasons set forth below, respondent's motion to dismiss is granted and the petition is dismissed. Specifically, the conviction under attack became final on March 4, 2008. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final. However, under AEDPA, this limitation period is tolled during the pendency of a properly filed application in state court for post-conviction relief. Therefore, the statute of limitations in this case was tolled between April 16, 2008 (when petitioner filed an error coram nobis motion in state court) and September 16, 2008, when the Appellate Division denied that motion. Thus, under AEDPA, petitioner was required to file the instant habeas corpus petition by August 3, 2009. As the present petition was filed on July 30, 2012, nearly three years after the one-year period expired, it is untimely. Moreover, there is no basis for equitable tolling. Accordingly, the petition is dismissed as time-barred.

## I. BACKGROUND

On September 17, 2003, petitioner pled guilty to one count of criminal sale of a controlled substance in the second degree. (Aff. of Grazia DiVincenzo ("DiVincenzo Aff." ¶ 3.) (*Id.*) On October 29, 2003, in accordance with his plea agreement, petitioner was sentenced to an indeterminate term of five years to life. (*Id.*)

On March 12, 2004, petitioner moved to file a late notice of appeal in the New York Supreme Court, Appellate Division. (*Id.* ¶ 4.) On April 19, 2004, the Appellate Division granted petitioner's motion. (*Id.*) On May 10, 2004, petitioner filed a motion requesting the assignment of counsel for his appeal, and the Appellate Division granted that motion on June 8, 2004. (*Id.*)

In addition, on July 16, 2004, petitioner filed a CPL § 440.10 motion to vacate his conviction on the basis of ineffective assistance of counsel. (*Id.* ¶ 5.) On January 31, 2005, the County Court denied petitioner's motion. (*Id.*) On March 18, 2005, petitioner requested leave to appeal with the Appellate Division, and the Appellate Division denied petitioner's request on September 19, 2005. (*Id.*)

While petitioner's CPL § 440.10 motion was pending, petitioner filed a motion with the Appellate Division to reduce his sentence in the interest of justice. (*Id.* ¶ 6.) On March 21, 2005, the Appellate Division denied petitioner's motion. (*Id.*) On March 31, 2005, petitioner requested leave to appeal with the Court of Appeals, and the Court of Appeals denied this request on June 29, 2005. (*Id.*)

On October 21, 2005, petitioner filed a motion in the County Court to be re-sentenced under the Drug Law Reform Act of 2005. (*Id.* ¶ 7.) On January 3, 2006, the County Court denied this motion. (*Id.*) On March 3, 2006, petitioner filed a notice of appeal in the Appellate Division from this decision of the County Court. (*Id.*) On October 5, 2006, petitioner filed a motion with the County Court requesting re-argument on his motion to be re-sentenced, and the County Court denied this motion on March 26, 2007. (*Id.*)

On September 14, 2007, petitioner's appellate counsel filed an *Anders* brief in the Appellate Division stating that there were no non-frivolous issues to be raised on appeal. (*Id.* ¶ 8.) Petitioner requested leave to file a *pro se* supplemental brief, and the Appellate Division order him to file that brief by January 2, 2008. (*Id.*) However, petitioner failed to file this brief. On February 6, 2008, petitioner requested an extension of time to file his *pro se* supplemental brief. (*Id.*) On March 4, 2008, the Appellate Division denied petitioner's request for an extension of time, and, in a separate opinion, affirmed the County Court's decision denying re-sentencing under the Drug Law Reform Act and agreeing with appellate counsel that there were no non-frivolous issues to be raised on appeal. (*Id.*)

On April 11, 2007, petitioner mailed the Suffolk County District Attorney's Office a "motion or request" to be produced in the County Court to be heard on the issue of re-sentencing. (*Id.* ¶ 9.) This motion was never filed with the County Clerk's office. (*Id.*) However, five days later on April 16, 2008, petitioner filed a motion in the Appellate Division for a writ of error coram nobis arguing that his plea was invalid. (*Id.* ¶ 10.) On September 16, 2008, the Appellate Division denied petitioner's error coram nobis motion. (*Id.*)

Two years later, on September 27, 2010, petitioner mailed the Suffolk County District Attorney's Office a motion to set-aside his sentence. (*Id.* ¶ 11.) On May 17, 2011, petitioner mailed the District Attorney's office another motion attempting to vacate his conviction. (*Id.*) However, neither of these documents were properly filed with the County Court. (*Id.*)

On June 20, 2011, petitioner filed a second error coram nobis motion in the Appellate Division. (*Id.* ¶ 12.) On September 13, 2011, petitioner filed a third error coram nobis motion and requested that his June 20, 2011 motion be withdrawn. On January 31, 2012, the Appellate Division denied this motion. (*Id.*) On March 1, 2012, petitioner requested leave to appeal with the Court of Appeals. (*Id.*) As of September 12, 2012, the Court of Appeals had not yet issued a decision on this motion. (*Id.*)

On July 30, 2012, petitioner filed the instant application before this Court for a writ of habeas corpus. On September 12, 2012, respondent filed a memorandum of law in opposition to the petition, in which respondent argued that the petition was untimely. Although petitioner has filed several letters with the Court, petitioner has not filed a reply memorandum of law or submitted any argument as to why the petition should not be dismissed as untimely. The Court has fully considered all of the parties' submissions in rendering its decision.

## II. Discussion

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file his petition within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that Lopez's petition is untimely under Section 2244(d), and that there is no basis for equitable tolling of the statute of limitations.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with

3

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state-court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

In the instant case, only subsection (A) could be applicable to this habeas petition. As set forth below, the petition is untimely under Section 2244(d)(1)(A).

Pursuant to Section 2244(d)(1)(A), the statute of limitations began to run on the date petitioner's conviction became final. On September 17, 2003, petitioner pled guilty to one count of criminal sale of a controlled substance in the second degree. On October 29, 2003, petitioner was sentenced to an indeterminate term of incarceration of five years to life. Petitioner's time to appeal expired thirty days after his October 29, 2003 sentencing. *See* N.Y. C.P.L. § 460.10(1)(a), However, on March 12, 2004, petitioner moved to file a late notice of appeal, and the Appellate Division granted his request on April 19, 2004. Petitioner filed numerous appeals and motions over the next several years. On March 4, 2008, the Appellate Division affirmed the County Court's decision denying re-sentencing and agreed with petitioner's appellate counsel that there were no non-frivolous issues for appeal. Accordingly, petitioner's conviction became final on March 4, 2008.[1]

Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167 (2001). On April 16, 2008, 44 days after petitioner's conviction became final, petitioner filed a motion in the Appellate Division for a writ of error coram nobis. This motion triggered Section 2244(d)(2)'s tolling allowance. *See Smith*, 208 F.3d at 16 ("There [] is no dispute that his state coram nobis petition, if pending within that one-year grace period, would trigger Section 2244(d)(2)'s tolling allowance."). On September 16, 2008, the Appellate Division denied petitioner's motion. Because "Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run," petitioner had 322 days following the Appellate Division's denial of his error coram nobis petition to file his petition for habeas corpus in federal court. *Id.* at 17.[2] Accordingly, for the habeas corpus to be timely, it must have been filed by August 3, 2009.

---

[1] Respondent argues that petitioner's conviction became final on January 2, 2008, the deadline for filing his *pro se* supplemental brief in the Appellate Division (which he failed to file). However, in an abundance of caution, the Court begins the one-year statute of limitations under AEDPA on March 4, 2008, when the Appellate Division agreed that there were no non-frivolous issues for appeal.

[2] Although petitioner would have normally had only an additional 321 days to file his habeas corpus petition, 2008 was a leap year, and, thus, petitioner received an extra day. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

A state collateral proceeding commenced after the one-year limitations period has already expired does not reset the start of the limitations period. *See Smith*, 208 F.3d at 16-17 & 16 n.2. In this case, petitioner's subsequent error coram nobis petitions do not toll the statute of limitations because they were filed on June 20, 2011 and September 13, 2011, over one year and ten months after the statute of limitations expired. This collateral attack, filed so many months after the statute of limitations expired, "does not reset the date from which the one-year statute of limitations begins to run." *Id.* at 17; *see also Bell v. Herbert*, 476 F. Supp. 2d 235, 244 (W.D.N.Y. 2007) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period; nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew.").

Lopez had to file his petition by August 3, 2009 for it to have been timely. Accordingly, because petitioner did not file any subsequent motions for post-conviction relief in state court until one year and ten months after AEDPA's statute of limitations had expired, and did not file this petition for habeas corpus until over twenty five months after AEDPA's statute of limitations expired, the Court concludes that the petition is untimely.[3]

---

[3] On September 27, 2010, and on May 17, 2011, petitioner mailed motions challenging his conviction to the Suffolk County District Attorney's Office. AEDPA only tolls the statute of limitations for "properly filed application[s]" for relief. 28 U.S.C. § 2244(d)(2). Because these motions were not actually filed with the County Court, they were not "properly filed" for purposes of AEDPA, *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000), and, thus, do not toll the statute of limitations period. Even assuming *arguendo* that these mailings could toll the statute of limitations period, petitioner did not mail the first motion until after the one-year statute of limitations period had expired.

B. Equitable Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17 (citation and internal quotation marks omitted); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) that "extraordinary circumstances prevented him from filing his petition on time"; and (2) that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate any extraordinary circumstances that prevented him from properly filing his habeas corpus petition in a timely fashion. He has not provided any evidence that he acted with "reasonable diligence" during the nearly two-year delay between the expiration of the statute of limitations and his subsequent post-conviction motions, or that any "extraordinary circumstances" prevented him from filing this petition or his state court motions in a timely manner. *C.f. Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000) (intentional confiscation of prisoner's habeas corpus petition by corrections officer constitutes extraordinary circumstances).

In short, petitioner has not presented any grounds that warrant equitable tolling. Petitioner has also not made a claim of

actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis).[4] Accordingly, the petition is dismissed as time-barred.[5]

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed as time-barred. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 27, 2013
Central Islip, NY

* * *

Petitioner is proceeding *pro se*. Respondent is represented by, Grazia R. DiVincenzo, Suffolk County District Attorney's Office, 200 Center Drive, Riverhead, NY 11901.

---

[4] Even assuming *arguendo* that petitioner had made a claim of actual innocence, nothing in the petition suggests that any such claim would have any merit.

[5] On January 22, 2013, petitioner filed a letter requesting that the Court stay the petition so that he could exhaust his state court remedies. (*See* Letter, Jan. 22, 2013, ECF No. 11.) When a petitioner has brought a habeas corpus petition in federal court that contains both exhausted and unexhausted claims, a district court has "authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citation omitted). However, not only is there no indication from petitioner's submissions that there are any unexhausted claims, but this Court is dismissing the habeas corpus petition as untimely, and, thus, this Court need not determine whether petitioner's claims are properly exhausted. Therefore, petitioner's motion to stay is denied. Similarly, in a largely incomprehensible letter filed October 31, 2012, petitioner appears to be attempting to file a motion to compel a review by this Court of his sentence. However, because the petition is time-barred for the reasons set forth herein, that motion is denied.